# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

June 1, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES W. PRATER JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0941**  (BOR Appeal No. 2049343)
(Claim No. 2013021773)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**LINCOLN CONTRACTING & EQUIPMENT COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James W. Prater Jr., by William Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Jacqueline Hallinan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 22, 2014, in which the Board affirmed a March 28, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 23, 2013, decision rejecting Mr. Prater's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Prater filed a Report of Occupational Hearing Loss on July 11, 2011, alleging that he sustained mid to severe binaural sensorineural hearing loss following years of exposure to occupational noise hazards as a result of working in proximity to heavy equipment and construction machinery. Mr. Prater stated that his date of last employment was August 9, 2004, and further stated that he was made aware of his hearing loss on October 4, 2010. However, on August 10, 2011, Steven Coutras, M.D., evaluated Mr. Prater and noted that he reported a history of hearing loss ongoing for more than fifteen years. Dr. Coutras also noted that Mr. Prater reported a history of exposure to occupational noise hazards, and further noted that Mr. Prater did not utilize hearing protection until approximately fifteen years ago. Further, in his sworn answers to interrogatories provided by the West Virginia Office of the Insurance Commissioner, Mr. Prater stated that his hearing problems began in the mid-1990s while he was employed by Mountaineer Resources.

The claims administrator rejected Mr. Prater's application for workers' compensation benefits based upon a finding that his claim was not timely filed pursuant to West Virginia Code § 23-4-15(c) (2010). In its Order affirming the claims administrator's decision, the Office of Judges held that Mr. Prater's application for workers' compensation benefits was untimely filed. The Board of Review affirmed the reasoning and conclusion of the Office of Judges. On appeal, Mr. Prater asserts that the evidence of record demonstrates that his claim was timely filed.

West Virginia Code § 23-4-15(c) provides that applications for workers' compensation benefits arising from occupational diseases other than occupational pneumoconiosis must be filed within three years from either the date of last exposure to the particular occupational hazard or the date on which the existence of the occupational disease was made known to the employee, or the date on which he should have reasonably known of the existence of the disease, whichever occurs last. The Office of Judges found that the evidence of record establishes that Mr. Prater's date of last exposure to occupational noise hazards was his date of last employment, namely August 9, 2004. Further, the Office of Judges noted that Mr. Prater's Report of Occupational Hearing Loss was filed on July 11, 2011. The Office of Judges then determined that the preponderance of the evidence establishes that Mr. Prater should reasonably have known that his hearing loss was caused by occupational noise exposure prior to his date of last exposure, and concluded that his application for workers' compensation benefits arising from occupational hearing loss was untimely filed pursuant to West Virginia Code § 23-4-15(c). We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II